# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Krystle Evans,

           Petitioner

v.

William Reubert, et al.,

           Respondents

Case No. 2:24-cv-01830-JAD-BNW

**Order Granting Motions to Proceed *In Forma Pauperis* and Ordering Petitioner to Show Cause before December 7, 2024, Why this Petition Should Not Be Dismissed Without Prejudice**

[ECF Nos. 1, 1-1, 4]

      Petitioner Krystle Evans brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 to challenge her 2024 state-court conviction for child abuse resulting in substantial bodily harm. She moves for leave to proceed *in forma pauperis* ("IFP").[1] I find that good cause exists to allow Evans to proceed IFP, so I grant her that status. But because it appears from initial review of her petition under the Rules Governing Section 2254 Cases that Evans's claims are unexhausted, I order Evans to show cause in writing by December 7, 2024, why her petition should not be dismissed without prejudice as wholly unexhausted.

## Discussion[2]

      On September 3, 2024, the Eighth Judicial District Court for Clark County entered a judgment of conviction, based on a guilty plea, convicting Evans of child abuse, neglect, or endangerment resulting in substantial bodily harm.[3] Evans received a sentence of 5 to 15 years

---

[1] ECF Nos. 1, 1-1, 4.

[2] I take judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

[3] *State of Nevada v. Krystle Evans*, C-22-370271-1.

in prison.  It does not appear that she appealed her judgment of conviction or has filed a state habeas petition.

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief.[4]  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects.[5]  One such defect is lack of exhaustion.  A habeas claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[6]  A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which her federal claim is based.[7]

It appears that Evans's petition is unexhausted.  Evans alleges various claims of ineffective assistance by her trial counsel.[8]  She also alleges that there was insufficient evidence to support her guilty plea.[9]  Because she has not yet filed a state habeas petition, the court is not inclined to intervene prior to giving the Nevada state court and Nevada appellate courts an opportunity to redress any violation of Evans's constitutional rights.[10]  Therefore, Evans must

---

[4] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[5] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[6] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[7] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[8] ECF No. 4 at 8.

[9] *Id*. at 9–10.

[10] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights").

show cause why her petition, which appears to be wholly unexhausted, should not be dismissed without prejudice, meaning that Evans would have the ability to refile her petition in a new case before this court after she files a state habeas petition and, if necessary, appeals the denial of that petition to the Nevada appellate courts.[11]

### Conclusion

IT IS THEREFORE ORDERED that Evans's Motions for Leave to Proceed IFP **(ECF Nos. 1, 4) are GRANTED**.

IT IS FURTHER ORDERED that **Evans must show cause in writing by December 7, 2024, why this action should not be dismissed without prejudice.** If Evans does not timely and fully respond to this order, this action will be dismissed without prejudice without further advance notice.

_____
U.S. District Judge Jennifer A. Dorsey
November 7, 2024

---

[11] Evans remains responsible for calculating the running of the federal limitations period and timely presenting claims.